FILED
SUPERIOR COURT
OF GUAM

2018 MAY 23 PM 3: 50

CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                    )        Case No. CF0556-17
                                       )
                                       )
                                       )
        vs.                            )        DECISION AND ORDER
                                       )
                                       )
                                       )
JOYCE VIRGINA MERINO,                  )
                                       )
        Defendant.                     )
                                       )
                                       )
_____)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 7, 2018 upon Defendant Joyce Virgina Merino's ("Defendant") Motion for Bill of Particulars. During the hearing, Assistant Public Defender Zachary C. Taimanglo represented Defendant and Assistant Attorney General Jeremiah B. Luther represented the People of Guam (" People"). Having duly considered the parties' arguments and the applicable law, the Court now issues the following Decision and Order and DENIES Defendant's Motion for Bill of Particulars.

## BACKGROUND

On October 12, 2017, a grand jury returned an indictment and charged Defendant with Aggregated Theft of Property (as a Second Degree Felony) in violation of 9 G.C.A. §§ 43.20(a) and (f) and 43.30(a). (Indictment, Oct. 12, 2017.) The indictment arises from events that allegedly occurred or about the period between September 1, 2016 and September 26, 2017.

**ORIGINAL**

During an arraignment hearing on October 25, 2017, Defendant entered a plea of not guilty and waived her right to a speedy trial pursuant to 8 G.C.A. § 80.60.

On January 29, 2018, Defendant filed the current Motion for Bill of Particulars asking the People to provide her particulars as to what was allegedly taken during the theft and how the victim was harmed by the alleged conduct. (Mot. for Bill of Particulars at 1, Jan. 29, 2018.) The People filed their opposition to the motion on February 2, 2018, which Defendant did not reply to. The Court heard oral arguments on the motion on March 7, 2018 and subsequently took the matter under advisement.

## DISCUSSION

As an initial matter, the Court recognizes that an indictment "shall contain a plain, concise and definite written statement of the essential facts constituting the offense charged, and shall be signed by the prosecuting attorney." 8 G.C.A. § 55.10. It is well established that an indictment is sufficient if: (1) it contains the elements of the crime charged; (2) adequately informs the defendant of the crime to allow him/her to defend against the charges; and (3) is stated with sufficient clarity to bar subsequent prosecution for the same offense. People v. Jones, 2006 Guam 13 ¶ 12 (citations omitted). The Supreme Court of Guam ("Supreme Court") also noted that an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." Id. Furthermore, "[a]n indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." United States v. Costello, 350 U.S. 359, 363 (1956).

Even if an indictment is sufficient, a defendant may request for a bill of particulars under 8 G.C.A. § 55.30. The statute in its entirety states as follows:

Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense.

Id. The purpose of a bill of particulars is to "apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted). See also United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987).

Here, Defendant contends that "a Bill of Particulars is necessary as it is unclear how [she] is to defend herself where it is unknown what she is alleged to have taken from the alleged victim". (Mot. for Bill of Particulars at 2.) Although the indictment does not clarify what Defendant is alleged to have taken, no authority requires the People to itemize and provide such information in the charging document particularly in a case where the amounts involved in the alleged theft are aggregated.

To provide clarification regarding the specific charge, Defendant may look to the grand jury recording, which has already been provided to her, to obtain information about what she is alleged to have taken in order to become sufficiently apprised of the charges and to prepare for trial. See Note to 8 G.C.A. § 55.30 (stating that a transcript of the grand jury proceedings normally provides the defendant with all the information needed in felony cases). Defendant may also look to other disclosures that have already been provided to her via discovery in order to obtain further details regarding the government's case. Butler, 822 F.2d at 1193 (D.C. Cir. 1987) ("if the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required"). Accordingly, a bill of particulars is

not necessary or warranted under the circumstances as Defendant has been sufficiently apprised of the charges.[1]

Furthermore, the indictment follows section 55.10's demand that it "contain a plain, concise and definite written statement of the essential facts constituting the offense charged." 8 G.C.A. § 55.10. The Supreme Court has stated that "an indictment which tracks the words of the statute charging the offense is sufficient as long [as] the words unambiguously set forth all the elements of the offense." Jones, Guam 13 ¶ 23 (citing United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1985) (upholding the validity of an indictment where the charge tracks the language of the statute)). Here, the charges contained in the indictment track the language of their corresponding statute, specifically 9 G.C.A. §§ 43.20(a) and 43.30(a). In tracking the language of the corresponding statute, the People have properly stated the elements for the offense along with sufficient facts which adequately inform Defendant of the charge.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion for Bill of Particulars in its entirety. A pre-trial conference is scheduled for August 21, 2018 at 3:00 p.m.

**IT IS SO ORDERED** on this 23rd day of May, 2018.



**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of

Date: _____ Time: \_\_\_\_

Deputy Clerk Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

---

[1] Defendant also seeks particulars as to "how the alleged victim, Marianas Diver's Association, was harmed" by her alleged conduct. (Mot. for Bill of Particulars at 1.) As appropriately stated by the People in their opposition, harm is not a specific element of the offense charged. (See People's Response in Opp. to Def.'s Mot. for Bill of Particulars at 4, Feb. 2, 2018.) Thus, it is not necessary for the People to explain or provide such information to Defendant in the form of a bill of particulars.